The opinion of the Oourt was delivered by
Johnson, J.
The position, assumed by the ground of the motion, *is certainly correct, as a general rule, yet its indiscriminate application would be productive of incalculable mischiefs. Jurors, like other men, possess their passions and prejudices, and if a party’s rights were to be concluded by the indulgence of them, law would furnish but a slight protection to our lives, or reputation and property; for we often see a a whole community convulsed with those passions, in opposition to the strict rule of right. Such an application of the rule never was contemplated, and I take its true meaning to be, that the verdict of a jury is conclusive only on facts which are either doubtful in themselves, or in their application to the case.[2] On the application of it to this case, I think it will be found, that the verdict of the jury is in direct opposition to the facts. The defendant’s demand was originally a book debt, which had been closed by the promissory note, and although it ivas a security of the same class and rank, and did not extinguish the book debt, yet its delivery over to the plaintiff furnishes a conclusive presumption of the payment of it, unless the manner of its coming into his possession could be otherwise accounted for. But admitting that the delivery of the note to the plaintiff, did not prove per se an extinguishment of the debt, yet his liability on that contract certainly ceased, and the defendant must have resorted to his account for the goods, and this was not offered in evidence on the trial; and admitting also, that the proof offered was evi *260 dence of the book debt, and that it was admissible under the notice, yet, if the plaintiff was not liable on the note, he was not chargeable with the interest, which would have left abalance in his favor; so that, in any view of the subject, the verdict of the jury was directly opposed to the evidence. But on another ground, I am clearly pf opinion that the Court below ought not to have entertained the motion". The order of the .City Court directing a new'trial, vacated the verdict of the- jury, so that the cause is still depending in that Court.[1] Now, if every interlocutory[2]* order of ^oul’^ be made the subject of appeal to the Circuit* Court, it would lead to an endless source of litigation, and the jurisdiction of that Court would become indeed a dead letter. No cause originating there, ought therefore to find its way to the Circuit Court, until the final determination was had ; and I believe I have the authority of my brethren to say, that it is their unanimous opinion. This ground, although not made in the argument of the case, is one on which' the Court feel justified in expressing an opinion as a protection to itself, and as indispensably necessary, to the speedy administration of justice; and it is conceived, that no possible injury, delay, or inconvenience, can result from it, as after the final determination of the cause in that Court, all its errors may be reviewed and corrected.
Hunt, for the motion. J. B. White, contra.
Corcocik, Cheves, Gantt and Richardson, JJ., concurred.

 2 MoC. R. 132; 2 MoC. 26.

 2 Strob. 255.

 MSS. 1 Rice Dig. 43, 15,19 ; 3 McC. 80; 2 Strob. 255; 2 N. & McC. 488 ; Harp. 531, 536.